IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 10 B 16537 |
| Douglas and Robin Mathieu ) | |
| ) | Chapter 13 |
| Debtors ) | |
| ) | Judge Jack B. Schmetterer |
| ) | |
| Douglas and Robin Mathieu ) | |
| Plaintiffs ) | |
| v. ) | Adversary No. 10 A 01288 |
| ) | |
| Mortgage Electronic Registration Systems, Inc. ) | |
| Defendant ) | |

~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

~~The Debtors, Douglas and Robin Mathieu, submit the following proposed findings of fact and conclusions of law:~~ Following Order of Default and Pursuant thereto, are entered Findings of Fact and Conclusions of Law.

**Findings of Fact**

1. The Debtors, Douglas and Robin Mathieu, filed this Chapter 13 on April 14, 2010. The Debtors own their home at 17541 E. Quail Trail, Tinley Park, Illinois, as joint tenants. The Debtors scheduled the value of their residence at $178,000.00. The home is subject to a first mortgage in favor of CitiMortgage and a junior mortgage in favor of Mortgage Electronic Registration Systems, Inc..

2. The amount of CitiMortgage's secured claim is amount of $184,357.90, and the amount of the Mortgage Electronic Registration Systems, Inc. claim is approximately $36,482.00.

3. The lien of CitiMortgage is first in priority and the lien of Mortgage Electronic Registration Systems, Inc., is second in priority.

4. On October 5, 2010, the Debtors filed a Modified Chapter 13 Plan (the "Plan"). The Plan provides for payment by the Debtors to the Trustee of $300/month for nine months; payment of

allowed general unsecured claims in full; and payment of the first mortgage of $1,170.00/month directly by the Debtors to CitiMortgage. The Plan provides the following provision specifically dealing with the claim of Mortgage Electronic Registration Systems, Inc.:

> The Debtors' primary residence, commonly known as 17541 E. Quail Trail, Tinley Park, IL, is currently valued at $178,000 and is subject to a first mortgage in favor of CitiMortgage with an approximate balance of $185,000. The Debtors' personal liability on the junior mortgage held by Mortgage Electronic Registration Systems, Inc. was discharged in their prior Chapter 7 bankruptcy. Currently, Mortgage Electronic Registration Systems, Inc.'s entire claim is based on a junior lien on the Debtors' primary residence. There is $0 equity to support Mortgage Electronic Registration Systems, Inc.'s junior lien. This plan proposes to pay Mortgage Electronic Registration Systems, Inc. the full value of its lien, $0. Therefore, upon the Debtors' successful completion of this plan, Mortgage Electronic Registration Systems, Inc. shall immediately furnish the Debtors with a mortgage release in recordable form. This plan strips-off Mortgage Electronic Registration Systems, Inc.'s lien from the Debtors' home.

5. The Plaintiffs will present a motion for entry of default judgment. The motion is accompanied by a declaration, under penalty of perjury, by Douglas Mathieu, establishing the value of his residence and the amount due on the first mortgage to CitiMortgage

6. The secured claim of CitiMortgage, in an amount of at least $184,357.90, exhausts the equity in the Debtors' residence, and there is no equity to support the claim of Mortgage Electronic Registration Systems, Inc.

**Conclusions of Law**

1. The claim of CitiMortgage, in an amount of at least $184,357.90, is secured by a first priority lien in the Debtors' residence.

2. The mortgage of Mortgage Electronic Registration Systems, Inc., in the Debtors' residence is second in priority, junior to the lien of CitiMortgage.

3. As there is no equity to support the second priority lien of Mortgage Electronic

Registration Systems, Inc., the said creditor's claim is not a claim secured solely by a security interest in the Debtors' principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtors' plan may legitimately modify the rights of that creditor.

4. The Court's conclusion, that a bankruptcy court has the authority to strip off a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc., v. Van Wie, 2003 WL 1563959 (S.D. Ind., 2003), which holds as follows:

> [T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly unsecured junior mortgage. See In re Bartee, 212 F.3d 277, 288-89 & nn. 15-18 (5th Cir.2000) (collecting cases and citing treatises on both sides of the issue). The majority hold "that the antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." In re Pond, 252 F.3d 122 (2d Cir.2001). The seven federal circuits or circuit bankruptcy appellate panels to rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within this circuit, one bankruptcy court, In re Waters, 276 B.R. 879 (Bankr.N.D.Ill.2002), and one district court, In re Holloway, 2001 WL 1249053 (N.D.Ill.2001), adopted the majority view, and one bankruptcy court, In re Barnes, 207 B.R. 588 (Bankr.N.D.Ill.1997), adopted the minority view that even wholly unsecured junior mortgages are protected by § 1322(b)(2)." First Bank, Inc., v. Van Wie, 2003 WL 1563959, p.3.

Respectfully submitted,
Douglas and Robin Mathieu

By: /s/ Ariane Holtschlag
Ariane Holtschlag, their attorney

Ariane Holtschlag
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park IL 60462
Phone: (708) 226-2700
Fax: (708) 226-9030
Email: lawyers@ggl-law.com

OCT 12 2010